**AFFIRMED; Opinion Filed May 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00966-CR

### SALVADOR MORA CERVANTES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F-1061624-L

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Evans
Opinion by Justice Evans

Salvador Mora Cervantes appeals his conviction for the offense of injury to a child causing serious bodily injury. In a single issue, appellant contends the trial court abused its discretion when it permitted a witness to testify in violation of Texas Rule of Evidence 614. We affirm the trial court's judgment.

### FACTUAL BACKGROUND

Appellant was indicted for the offense of capital murder in connection with the death of his three-month old daughter. After the jury was seated, the trial court swore in three witnesses and informed them that, pursuant to the "rule," they would be required to remain outside the courtroom unless they were testifying. It does not appear from the record that either party requested that the rule be invoked but, rather, the court chose to invoke the rule on its own. Mike

Sandlin, an investigator with the district attorney's office, was in the courtroom at the time. Sandlin neither took the witness oath nor left the courtroom.

As part of its case in chief, the State introduced evidence that appellant's daughter suffered significant injuries in the days and weeks leading up to her death. The State called Rogelio Estrada, Jr., a relative of the deceased child's mother, to testify. At the time of the child's death, appellant, the child, and the child's mother were living with Estrada and Estrada's father. The State questioned Estrada about statements he had made concerning appellant mistreating his daughter. During direct examination, the following exchanges occurred:

Prosecutor: And you saw a few things with [appellant] mistreating the baby that you actually said, "Hey, man, you can't do that"; is that right?

Estrada: No.

Prosecutor: That's not true?

Estrada: No.

Prosecutor: Rogelio, you remember that you saw him hold her by her legs and you said, "Hey, man, you can't do that"; right?

Estrada: No.

Prosecutor: So you're telling me that that didn't happen?

Estrada: I never saw it happen.

[. . .]

Prosecutor: Rogelio, do you remember telling me that you saw Alex hold Greidys by her foot upside down and you said, "Hey, man, you can't do that with her"?

Estrada: I never told you that.

Prosecutor: You never told me that?

Estrada: No.

Prosecutor: You never sat upstairs in an office with me and this gentleman back here, Mike Sandlin, and told us that?

Estrada: I agree that I was there but I didn't say that.

Prosecutor:   Okay. And do you remember telling me how you saw him throw her up in the air like a basketball and you said, "Hey, man, you can't do that with her"? You don't –

Estrada:   No.

Prosecutor:   – remember telling me that either?

Estrada:   I didn't say that.

Prosecutor:   You don't remember this morning us having this very same conversation in a room back there where you confirmed again that you saw those two things?

Estrada:   No.

[. . .]

Prosecutor:   Okay. And so you don't recall ever telling Mike or I any mistreatment that the Defendant did to Greidys?

Estrada:   No, never.

After Estrada was excused, the State called Sandlin to the stand as a witness. Appellant objected on the ground that Sandlin had remained in the courtroom after the rule was invoked. In a hearing outside the presence of the jury, the prosecutor explained that she had not anticipated calling Sandlin as a witness because Estrada had confirmed his prior statements with her earlier that day. Based on this, she did not expect his testimony to contradict what he had told her in his interview. The prosecutor further stated that if she had known of the possibility that Estrada would change his testimony, she would have asked Sandlin to leave the courtroom when the court invoked the rule. Appellant responded that the State always contemplates calling an investigator present during the questioning of a witness to testify because of the possibility that the witness will change his story on the stand. The court overruled appellant's objection, and allowed him to testify. In his testimony, Sandlin confirmed that Estrada made the statements he denied making during his direct examination.

After hearing the evidence, the jury convicted appellant of the lesser included offense of injury to a child causing serious bodily injury, a first-degree felony. Punishment was assessed at sixty years' confinement. This appeal followed.

ANALYSIS

In his sole issue on appeal, appellant contends the trial court abused its discretion in allowing Sandlin to testify after he remained in the courtroom following the exclusion of witnesses under rule 614 of the Texas Rules of Evidence. Rule 614 requires the trial court to exclude witnesses from the courtroom during the testimony of other witnesses at the request of any party, or the court may choose to exclude witnesses on its own. TEX. R. EVID. 614. Whether a witness who has violated the rule will be allowed to testify is a matter within the trial court's discretion. *Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996) (per curiam). We presume on appeal that such discretion was properly exercised until the contrary has been shown. *Id*.

In determining whether the trial court abused its discretion, we first consider whether the witness who violated the rule was (1) sworn in or listed as a witness in the case or (2) a person not intended to be a witness and not connected with the State's or defendant's case in chief but who, because of events during trial, became a necessary witness. *See Guerra v. State*, 771 S.W.2d 453, 476 (Tex. Crim. App. 1988) (citing *Green v. State*, 682 S.W.2d 271 (Tex. Crim. App. 1984)); *Minor v. State*, 91 S.W.3d 824, 829 (Tex. App.—Fort Worth 2002, pet. ref'd). If the witness was one who had no connection with either the State's or defendant's case in chief and who, because of lack of personal knowledge regarding the offense, was not likely to be called as a witness, then no abuse of discretion can be shown. *See Guerra*, 771 S.W.2d at 476.

In this case, Sandlin was neither sworn in nor listed as a witness to be called by either party. Appellant argues Sandlin was closely connected to the State's case because he was the "particular investigator" assigned to the case from the district attorney's office. But this is not

–4–

the type of connection contemplated by the test. The relevant inquiry is not whether Sandlin was connected to the case at all, but whether Sandlin was connected to the State's case in chief to be presented at trial. In other words, we look at whether Sandlin had any personal knowledge of factual evidence the State intended to present.

At the hearing on appellant's objection, the prosecutor explained that she had no intention of calling Sandlin as a witness. Sandlin had no personal knowledge of any facts relevant to the offense. Although, in theory, anyone present at the interview of a witness could be called upon to testify if that witness denies his earlier statements at trial, the prosecutor here confirmed Estrada's testimony with him only hours before he was called to the stand. Accordingly, she had no reason to believe Estrada would change his story and require Sandlin to be called as a rebuttal witness.

Because Sandlin had no personal knowledge of the offense and the State showed that, at the time the rule was invoked, it was unlikely he would be called as a witness, the trial court did not abuse its discretion in allowing Sandlin to testify. *Id.* We resolve appellant's sole issue against him and affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
130966F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SALVADOR MORA CERVANTES,
Appellant

No. 05-13-00966-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F-1061624-L.
Opinion delivered by Justice Evans. Chief
Justice Wright and Justice Francis
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 4th day of May, 2015.